UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCE BARNUM                                           CIVIL ACTION

VERSUS                                                 NO. 08-4526

STANDARD FIRE INSURANCE COMPANY        SECTION "C"

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under an insurance policy issued by the defendant. This matter was originally part of a suit removed on the basis of diversity jurisdiction and thereafter transferred, *Bailey v. ANPAC Louisiana Insurance Co., et al*, Civ. Act. No. 08-941 "R" (5). The claims of the plaintiffs were subsequently severed and each plaintiff was ordered to file an amended complaint.[1]

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193

---

[1] Because original jurisdiction was based on removal prior to transfer and severance, the Court considers the amended complaint as remaining before the Court on removal for purposes of this jurisdictional analysis.

F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

      The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden.  Instead, it argues the policy limits and the possibility of penalties.  Counsel for the plaintiff fails to produce any evidence at all as to the amount of damages, if any, that were sustained.   Neither the defendant nor the plaintiff provide any basis upon

which the Court can ascertain the propriety of its jurisdiction. Instead, the memoranda would support only a finding of jurisdiction based on consent. That is not permitted under the law.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 21st day of November, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE